# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00204-CR

**Bobby Joe Turner, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-05-900344, HONORABLE JON N. WISSER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

A jury found appellant Bobby Joe Turner guilty of felony driving while intoxicated and assessed his punishment, enhanced by previous felony convictions, at ninety-nine years' imprisonment. *See* Tex. Penal Code Ann. § 49.04 (West 2003), § 49.09(b)(2) (West Supp. 2006). In his only point of error, appellant contends that the trial court's jury charge was fundamentally erroneous because it did not adequately convey the concept of reasonable doubt and its application to circumstantial evidence. Because we find no error in the charge, we will affirm the conviction.[1]

Appellant was the driver in a one-vehicle accident. The investigating officers testified that it appeared to them that appellant was speeding when his pickup truck drifted off the road,

---

[1] The State filed a motion to dismiss the appeal because the record did not contain the trial court's certification of the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). Asked to correct this omission, the trial court filed a certification stating that this is not a plea bargain case and the defendant has a right of appeal. The State's motion to dismiss is overruled.

struck a mailbox and an embankment, and rolled over, coming to rest against a utility pole. The officers saw no skid marks or other signs of evasive action on the highway. They found a half-full can of beer in the cab of the pickup truck. An ice chest and two unopened cans of beer were thrown from the vehicle during the accident.

Appellant had been taken to the hospital before the officers arrived at the accident scene. When the officers interviewed appellant later at the hospital, they noticed that both he and his breath smelled strongly of an alcoholic beverage. Appellant's speech was slurred, his eyes were bloodshot, and he had a "lost expression" on his face. The officers were of the opinion that appellant was intoxicated. Appellant, however, told the officers that he had not consumed any alcoholic beverage and explained the odor by saying that his brother had spilled beer on him earlier that day. He told them that he had lost control of his pickup truck when he swerved to avoid hitting dogs that ran into the road.

The trial court's jury charge authorized appellant's conviction if the jury found each element of the offense beyond a reasonable doubt. The charge did not define "reasonable doubt." *See Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (holding that "better practice is to give no definition of reasonable doubt at all to the jury"). The charge also did not include a circumstantial evidence instruction. *See Hankins v. State*, 646 S.W.2d 191, 198-99 (Tex. Crim. App. 1983) (op. on reh'g) (abolishing circumstantial evidence charge and holding that if jury is properly instructed on burden of proof, "charge on circumstantial evidence is valueless and invites confusion"). Appellant contends that in the absence of these instructions, the charge was fundamentally defective because the jury was not instructed that the officers' conclusions that

2

appellant was intoxicated and that he had not swerved to miss a dog were merely inferences raised

by the evidence and were to be judged by the same reasonable doubt standard as the evidence giving

rise to the inferences.

The United States Supreme Court has written:

> The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, "taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury."

*Victor v. Nebraska*, 511 U.S. 1, 5 (1994) (quoting *Holland v. United States*, 348 U.S. 121, 140

(1954) (citations omitted). In the case before us, the trial court instructed the jury:

> In all criminal cases the burden of proof is on the State. All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

> The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

> In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit the defendant and say by your verdict "Not Guilty."

3

Appellant's reliance on *Holland* is misplaced. In that case, the Supreme Court addressed several issues arising from the government's use of the "net worth" theory in prosecutions for income tax evasion. *See* 346 U.S. at 124-25. Under that theory, the government, having inadequate records to establish a taxpayer's liability, asks the jury to infer willful under reporting of income by comparing the taxpayer's net worth at the start and at the end of a tax year. *Id*. at 125. Among other things, the Court held that this theory must not be applied in such a way as to shift the burden of proof onto the taxpayer. *Id*. at 138-39. Appellant asserts without citation that *Holland* holds that a circumstantial evidence charge must be given unless "reasonable doubt" is defined or the jury is "provided with a summary of the circumstantial evidence, the assumptions on which it rests, and the inferences to be drawn from such evidence both for and against the accused." In fact, the *Holland* Court disapproved the use of a circumstantial evidence charge of the sort previously used in Texas and disapproved in *Hankins*. *Id*. at 139-40. And although the trial court had defined "reasonable doubt" in its charge, the Court observed that "[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury." *Id*. at 140.

Appellant does not suggest the text of the instruction that he argues should have been given in this case. He also does not explain how the trial court could single out the officers' conclusions for a special instruction regarding the burden of proof without violating the prohibition against comments on the weight of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007); *Matamoros v. State*, 901 S.W.2d 470, 477 (Tex. Crim. App. 1995). We hold that the

4

trial court's jury instructions regarding the State's burden of proof correctly conveyed the concept of reasonable doubt. No charge error is shown.

The point of error is overruled and the judgment of conviction is affirmed.


_____

David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: June 15, 2007

Do Not Publish